

# 05 CV 2721

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASANOVA ENTERTAINMENT GROUP, INC. | ) CASE NO. |
| Plaintiff, | ) JUDGE |
| v. | ) **COMPLAINT FOR DECLARATORY JUDGMENT, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION AND ATTORNEYS' FEES** |
| CITY OF NEW ROCHELLE, | ) |
| Defendant. | ) |

PARTIES AND JURISDICTION

1.  Plaintiff Casanova Entertainment Group, Inc., is a corporation organized and existing under the laws of the State of New York, and is the owner of real property in the City of New Rochelle, New York, that is zoned DB Downtown Business.

2.  Defendant City of New Rochelle is a municipal corporation organized and existing under the laws of the State of New York.

3.  Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, this being a civil action arising under the Constitution and the laws of the United States.

Berkman, Gordon,
Murray & DeVan
Attorneys and Counselors at Law
55 PUBLIC SQ STE 2121
CLEVELAND OH 44113-1949
216-781-5245

USDC SDNY
DOCUMENT
ELECTRONICALLY FIL
DOC #: _____
DATE FILED: _____

4. Jurisdiction is also conferred upon this Court by 28 U.S.C. §1343(a)(3) and (4), 28 U.S.C. §§2201 and 2202 and 42 U.S.C. §§1983 and 1988, this being an action for declaratory judgment and equitable relief authorized by law to redress deprivations under color of law of rights, privileges and immunities secured by the Constitution of the United States. The Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. At all times pertinent to this Complaint, and in taking all of the actions described in this Complaint, defendant, its officers, agents and employees, acted under color of law and were effecting, and will effect, the custom, policy and laws of the State of New York and City of New Rochelle.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

6. Plaintiff desires to operate a business and present constitutionally protected, non-obscene dance performances by women, who, in the course of their performances, will appear topless and in g-strings. However, Plaintiff cannot do so by virtue of defendant's zoning code.

7. Specifically, New Rochelle's zoning code creates a number of use districts within the city, and further sets forth the kinds of uses that are permitted in each such district.

8. The use to which Plaintiff desires to put its property is, under the zoning code, an "adult entertainment cabaret," which is defined as, "a public or private establishment which presents topless dancers, bottomless dancers, strippers, male or

Berkman, Gordon,
Murray & DeVan
Attorneys and Counselors at Law
55 PUBLIC SQ STE 2121
CLEVELAND OH 44113-1949
216-781-5245

female impersonators or exotic dancers or other similar entertainment, either on a regular or sporadic basis, and which establishment is customarily open to the public generally but excludes any minor by reason of age." §331-4.  It is one category of "adult-oriented business" that is defined in the zoning code.

9. Section 331-29 of the zoning code provides, "Any use not specifically listed as being permitted shall be deemed to be prohibited." "Adult entertainment cabarets" and "adult-oriented businesses" are not specifically listed as being permitted in any use district in the city, and thus, by dint of §331-29, are prohibited from locating anywhere in the city.

10. Article XII of the zoning code governs the authorization of special permit uses, and §331-87(C), which is contained within that Article, lists "adult-oriented businesses as regulated by §331-112 " as a special permit use the Board of Zoning Appeals is authorized to allow to operate.

11. Section §331-89 sets out the requirements that all special permit use applicants must satisfy. That section, in addition to authorizing the issuing agency to attach "such additional conditions and safeguards to any special permit, that are, in its opinion, necessary to insure initial and continual conformance" to the code, requires an applicant to satisfy the issuing agency that the "location and size of the special permit use, the nature and intensity of the operations. . .are such that it will be in harmony with the appropriate and orderly development of the area in which it is located." §331-89(A).

Berkman, Gordon,
Murray & DeVan
Attorneys and Counselors at Law
55 PUBLIC SQ STE 2121
CLEVELAND OH 44113-1949
216-781-5245

3

12. A special permit use applicant must also convince the issuing agency that the location, nature and the height of its building will not hinder or discourage the appropriate development and use of adjacent land and buildings, and that the operation of the special permit use will be no more objectionable to nearby properties by reason of noise, traffic, fumes, vibration or other such characteristics" than would uses permitted as of right. §331-89(B), (C).

13. Section 331-112 of the zoning code imposes a number of restrictions on adult-oriented businesses, including adult cabarets. It prohibits them from being located within 500 feet of any other adult oriented business, within 500 feet of a zoning district that permits residential dwellings as a principal use, or within 500 feet of the property line of a school house of worship, public park, public or private recreation facility, community center or other public facility, designated historic district or historic landmark or site, or designated urban renewal area. It also imposes restrictions on the live entertainment that may be presented.

14. Further, § 331-112 restricts adult cabarets to less than 5,000 square feet, and further requires that their exterior be "consistent with the character of surrounding structures" and not "detract from the appearance of the neighborhood."

15. Section 331-112(E) imposes restrictions on live entertainment that may be presented at adult entertainment cabarets, and prohibits nude dancing that is lewd, indecent or grossly sexual in nature.

Berkman, Gordon,
Murray & DeVan
Attorneys and Counselors at Law
55 PUBLIC SQ STE 2121
CLEVELAND OH 44113-1949
216-781-5245


4

16. Section 331-112 also permits the Planning Board and the Sign Review Board to impose terms and conditions for granting site plan approval, including restrictions on window displays, signage and hours of operation for adult-oriented businesses.

17. Moreover, the special use permit required by §331-112 for an "adult entertainment cabaret" must be renewed annually.

## COUNT I

18. Sections 331-87, 331-89, 331-90 and 331-112 of the New Rochelle Zoning Code are unconstitutional under the First and Fourteenth Amendments for each of the following reasons:

   a. The ordinances unconstitutionally abridge freedom of speech and expression and impose an impermissible restraint on constitutionally protected expression;

   b. The ordinances confer unbridled discretion on city officials to suppress constitutionally protected expression;

   c. The ordinances are irrational, arbitrary and capricious because they do not further a substantial governmental interest;

   d. The ordinances are not narrowly tailored to further any governmental interest, substantial or otherwise;

   e. The ordinances were enacted without relevant empirical information to support them;

   f. The ordinances fail to provide alternative avenues of communication;

   g. The ordinances are unconstitutionally vague and overbroad.

Berkman, Gordon,
Murray & DeVan
Attorneys and Counselors at Law
55 PUBLIC SQ STE 2121
CLEVELAND OH 44113-1949
216-781-5245



19.     Plaintiff is therefore entitled to a declaration that Sections 331-87, 331-89, 331-90 and 331-112 of the City's codified ordinances are unconstitutional on their face and as applied under the First and Fourteenth Amendments to the Constitution.

### COUNT II

20.     Plaintiff incorporates paragraphs 1 through 19 of its complaint as if fully rewritten.

21.     Sections 331-87, 331-89, 331-90 and 331-112 of the New Rochelle Zoning Code deprive and threaten to deprive plaintiff of its rights secured by the First and Fourteenth Amendments to the Constitution to engage in protected expressive activity, to be free from prior restraint, to be free from vague, irrational and arbitrary laws, all of which has caused and threatens to cause in the future, irreparable harm to plaintiff for which there is no adequate remedy at law.

22.     By reason of defendant's misconduct and the irreparable harm plaintiff has suffered and will continue to suffer, plaintiff is entitled to a preliminary injunction and, after final hearing, a permanent injunction demanded hereunder.

### COUNT III

23.     Plaintiff incorporates paragraphs 1 through 22 of this complaint as if fully rewritten.

24.     Sections 331-87, 331-89, 331-90 and 331-112 of the New Rochelle Zoning Code are unconstitutional under the Art. I, §§ 1, 8, and 11 of the New York Constitution for each of the following reasons:

Berkman, Gordon, Murray & DeVan
Attorneys and Counselors at Law
55 PUBLIC SQ STE 2121
CLEVELAND OH 44113-1949
216-781-5245



a.  The ordinances unconstitutionally abridge freedom of speech and expression and impose an impermissible restraint on constitutionally protected expression;

b. The ordinances confer unbridled discretion on city officials to suppress constitutionally protected expression;

c.  The ordinances are irrational, arbitrary and capricious because they do not further a substantial governmental interest;

d. The ordinances are not narrowly tailored to further any governmental interest, substantial or otherwise;

e. The ordinances were enacted without relevant empirical information to support them;

f. The ordinances fail to provide alternative avenues of communication;

g. The ordinances are unconstitutionally vague and overbroad.

25.   Plaintiff is therefore entitled to a declaration that Sections 331-87, 331-89, 331-90 and 331-112 of the City's codified ordinances are unconstitutional on their face and as applied under the Art. I, §§1, 8 and 11 of the New York Constitution.

COUNT IV

26.   Plaintiff incorporates paragraphs 1 through 25 of this Complaint as if fully rewritten.

27.   Sections 331-87, 331-89, 331-90 and 331-112 of the New Rochelle Zoning Code deprive and threaten to deprive plaintiff of its rights secured by Art. I, §§1, 8 and 11 of the New York Constitution to engage in protected expressive activity, to be free from prior restraint, to be free from vague, irrational and arbitrary laws, all of which has caused

Berkman, Gordon, Murray & DeVan
Attorneys and Counselors at Law
55 PUBLIC SQ STE 2121
CLEVELAND OH 44113-1949
216-781-5245


and threatens to cause in the future, irreparable harm to plaintiff for which there is no adequate remedy at law.

22. By reason of defendant's misconduct and the irreparable harm plaintiff has suffered and will continue to suffer, plaintiff is entitled to a preliminary injunction and, after final hearing, a permanent injunction demanded hereunder.

WHEREFORE, Plaintiff demands upon Count I, a declaration that Sections 331-87, 331-89, 331-90 and 331-112 of the city's codified ordinances are unconstitutional on their face and as applied under the First and Fourteenth Amendments to the Constitution; and,

Upon Count II, a preliminary injunction and after final hearing, a permanent injunction directing defendant, its officers, agents, servants, attorneys and those acting in concert and participation with them who receive actual notice of the injunction by personal service or otherwise, from enforcing Sections 331-87, 331-89, 331-90 and 331-112 of the City's codified ordinances against Plaintiff, its officers, agents and employees; and,

Upon Count III, a declaration that Sections 331-87, 331-89, 331-90 and 331-112 of the city's codified ordinances are unconstitutional on their face and as applied under Art. I, §§1, 8, and 11 of the New York Constitution; and,

Upon Count IV, a preliminary injunction and after final hearing, a permanent injunction directing defendant, its officers, agents, servants, attorneys and those acting in concert and participation with them who receive actual notice of the injunction by personal service or otherwise, from enforcing Sections 331-87, 331-89, 331-90 and 331-112 of the City's codified ordinances against Plaintiff, its officers, agents and employees; and,

Berkman, Gordon,
Murray & DeVan
Attorneys and Counselors at Law
55 PUBLIC SQ STE 2121
CLEVELAND OH 44113-1949
216-781-5245

8

Upon all Counts, the costs and expenses of maintaining this action, including Plaintiff's reasonable attorney's fees, and any other relief, whether legal or equitable, to which the plaintiff may be entitled.

Respectfully submitted,

J. MICHAEL MURRAY (0019626)*
jmmurray@bgmdlaw.com
STEVEN D. SHAFRON (0039042)*
sshafron@bgmdlaw.com
BERKMAN, GORDON, MURRAY & DeVAN
55 PUBLIC SQUARE SUITE 2121
CLEVELAND, OHIO  44113-1949
(216) 781-5245
(216) 781-8207

MARTIN P. MEHLER (MM0165)
MEHLER & BUSCEMI
305 BROADWAY
NEW YORK, N.Y. 10007-2082
(212) 962-4688
(212) 964-0643 (Facsimile)

Attorneys for Plaintiff

* subject to admission *pro hac vice*

Berkman, Gordon, Murray & DeVan
Attorneys and Counselors at Law
55 PUBLIC SQ STE 2121
CLEVELAND OH 44113-1949
216-781-5245



9